UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BYRON Q. ALEXANDER**                        CIVIL ACTION NO.

**VERSUS**

**NAVIENT**                                   22-802-BAJ-EWD

## NOTICE AND ORDER

Before the Court is the handwritten Complaint, filed by Plaintiff Byron Q. Alexander ("Plaintiff"), who is representing himself, and which names "Navient" as the defendant.[1] The one-paragraph Complaint seeks to sue "The Debt collector Navient" for fraud and harassment. Plaintiff alleges that "I have never been in contact with the Debt collector, and yet they have negatively impacted my credit, continuously harassed with calls, and mail." Alexander claims that his student loans were placed in Chapter 13 bankruptcy and Navient agreed to the terms of the bankruptcy and received "all money in full." Now, however, Navient "changed the terms" and is allegedly requesting "a different amount other than what was paid." Alexander seeks relief in the amount of $24,000.[2]

The Complaint does not provide sufficient information regarding the basis for this Court's subject matter jurisdiction or he basis of Plaintiff's claims. Plaintiff is required to explain the grounds for filing in federal court because, unlike state district courts, which are courts of general jurisdiction that can hear all types of claims, federal courts can only hear those cases over which there is federal subject matter jurisdiction. Federal subject matter jurisdiction may be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treatises of the United States."[3] This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[4] The

---

[1] R. Doc. 1. Plaintiff has paid the filing fee and has consented to electronic noticing in this case. R. Doc. 2.
[2] R. Doc. 1.
[3] 28 U.S.C. § 1331.
[4] 28 U.S.C. § 1332.

burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Plaintiff).[5] A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[6]

In this case, subject matter jurisdiction based on diversity of citizenship is not likely to exist because Plaintiff expressly an amount less than the jurisdictional threshold of $75,000, exclusive of interest and costs. Plaintiff has also not alleged his citizenship or Navient's.[7] Similarly, subject matter jurisdiction based on a federal question does not appear to exist because Alexander has not alleged a violation of law under any federal statute.[8]

Plaintiff's Complaint also does not state a claim. Currently, Plaintiff has only generally alleged that he had a student loan that was resolved in bankruptcy, but he does not explain what type of loan it was and the who/what/when/why of how it was handled in bankruptcy, including the bankruptcy court and the terms to which Navient allegedly agreed. Plaintiff also alleges that his credit was negatively impacted and that he was "harassed" via calls and mail, but he does not give sufficient details regarding how his credit was negatively impacted and by whom, or any details regarding the

---

[5] *Willoughby v. United States ex rel. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

[6] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).

[7] "For diversity purposes [for individuals], citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996), citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, (1989). "A corporation is a citizen of its place of incorporation and its principal place of business," and both must be properly alleged. 28 U.S.C. § 1332(c). *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). Finally, "the citizenship of a limited liability company is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Therefore, the identity and citizenship of each member of an LLC must be pleaded.

[8] The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, prohibits a debt collector from using any false or misleading representations or unfair practices (among other prohibitions) in connection with collecting or attempting to collect a debt from a consumer. To state a claim under the FDCPA, a plaintiff must show: (1) that he or she is a consumer; (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector; and (4) that the defendant violated at least one of the provisions of the FDCPA. The Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681 *et seq.*, was enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies. "The FCRA requires that 'furnishers of information ... provide accurate information.' 15 U.S.C. § 1681s-2(b). And imposes certain obligations or duties on the furnishers upon notice of dispute. *Id.* This notice is necessary to trigger the furnisher's duties to investigate and correct the credit report under Section 1681–2(b) of the FCRA." *Schoch v. Wells Fargo Home Mortg.*, No. 4:16-CV-619-ALM-CAN, 2017 WL 2385626, at *3 (E.D. Tex. Apr. 11, 2017), report and recommendation adopted, No. 4:16-CV-619, 2017 WL 2312079 (E.D. Tex. May 26, 2017). Plaintiff would have to plead the required elements of the FDCPA and/or the FCRA to sufficiently plead a cause of action under these statutes for purposes of federal question jurisdiction.

calls and mailings. Plaintiff also does not explain what damages, if any, he suffered based on the conduct alleged.

Considering that Plaintiff is representing himself, he will be given thirty days, until November 28, 2022, to file an amended Complaint that adequately alleges a basis for the Court's subject matter jurisdiction and that states facts to support his claims using the attached form Complaint. Alternatively, instead of filing an amended Complaint, Plaintiff may voluntarily dismiss his Complaint by filing a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), which should simply state that he wants to voluntarily dismiss his Complaint, and which would result in the dismissal of his Complaint *without prejudice*. That kind of dismissal would not act as an automatic bar to Plaintiff's ability to file his claims in another court, such as a state court of general jurisdiction.[9]

While the pleadings of individuals who are representing themselves are liberally construed,[10] Plaintiff is reminded that, even though he is not an attorney,[11] he is still required to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Procedures for Electronic Filing regarding the form and content of federal pleadings.[12]

A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[13] If Plaintiff cannot establish subject matter jurisdiction, the suit must be dismissed.

---

[9] This should not be construed as a determination that Plaintiff has a colorable claim or that he would necessarily be permitted to bring this claim in another court.

[10] *Coleman v. United States,* 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, '*pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure.' *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In addition, 'pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.' *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).").

[11] Plaintiff requests that the Court "not treat or react to me as if I were a Attorney of Law." R. Doc. 1. As a *pro se* litigant who presumably does not hold a license to practice law, Plaintiff will not be treated as an attorney; however, he is still required to follow the rules.

[12] *See* Fed. R. Civ. P. 8, 10-11, which are available online and likely at public libraries, and Local Rules 5, 7, 10, and 11, which may be found on the Court's website at https://www.lamd.uscourts.gov/court-info/local-rules-and-orders ("Middle District of Louisiana--Local Rules"). The Court's Administrative Filing Procedures can also be found on the Court's website.

[13] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005). *See Cephus v. Texas Health & Hum. Servs. Comm'n,* 146 F. Supp. 3d 818, 825 (S.D. Tex. Nov. 19, 2015) ("A court may *sua sponte* raise a Rule 12(b)(1) motion to

Accordingly:

**IT IS ORDERED** that**, by no later than November 28, 2022**, Plaintiff Byron Q. Alexander shall file a comprehensive amended complaint, that sufficiently alleges a basis for this Court's subject matter jurisdiction,. A copy of the Complaint form is attached. Alternatively, instead of filing an amended Complaint, Alexander may voluntarily dismiss his Complaint by filing a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), which should state that he wants to voluntarily dismiss his Complaint, and which would result in the dismissal of his Complaint in this Court without prejudice.

**IT IS FURTHER ORDERED** that if Byron Q. Alexander files an amended Complaint, it must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Procedures for Electronic Filing.

**Failure to timely respond as ordered may result in a recommendation of dismissal of Plaintiff Byron Q. Alexander's claims in this matter without further notice.**

Signed in Baton Rouge, Louisiana, on October 31, 2022.

                                          **ERIN WILDER-DOOMES**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

dismiss for lack of subject matter jurisdiction at any time. *Westland Oil Development Corp. v. Summit Transp. Co.*, 481 F.Supp. 15 (S.D. Tex. 1979), *aff'd*, 614 F.2d 768 (1980). Fed. Rule of Civil Procedure 12(h)(3) states, 'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' *See Kidd v. Southwest Airlines Co.*, 891 F.2d 540, 545 (5th Cir.1990) ('[F]ederal courts must address jurisdictional questions *sua sponte* when the parties' briefs do not bring the issue to the court's attention.')….").