**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**BYRON Q. ALEXANDER**                                   **CIVIL ACTION NO.**

**VERSUS**

**NAVIENT**                                                               **22-802-BAJ-EWD**

      Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on January 19, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BYRON Q. ALEXANDER**                                    **CIVIL ACTION NO.**

**VERSUS**

                                                          **22-802-BAJ--EWD**

**NAVIENT**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the handwritten Complaint of Byron Q. Alexander ("Alexander"), who is representing himself.[1] Because Alexander has failed to establish a basis for this Court's subject matter jurisdiction, it is recommended that this matter be dismissed without prejudice on the Court's own motion.

**I.    BACKGROUND**

On October 17, 2022, Alexander filed his handwritten Complaint naming "Navient" as the defendant.[2] The one-paragraph Complaint seeks to sue "The Debt collector Navient" for fraud and harassment. Alexander alleged that "I have never been in contact with the Debt collector, and yet they have negatively impacted my credit, continuously harassed with calls, and mail." Alexander claimed that his student loans were placed in Chapter 13 bankruptcy and Navient agreed to the terms of the bankruptcy and received "all money in full." Since then, however, Navient "changed the terms" and is allegedly requesting "a different amount other than what was paid." Alexander seeks relief in the amount of $24,000.[3]

As thoroughly explained in the Court's October 31, 2022 Order, the Complaint made no reference to the basis for subject matter jurisdiction, and the facts alleged failed to show the

---

[1] R. Doc. 1.
[2] R. Doc. 1. Alexander paid the filing fee, and consented to electronic noticing in this case twice. R. Docs. 2 and 4.
[3] R. Doc. 1.

existence of either diversity jurisdiction under 28 U.S.C. § 1332, or federal question jurisdiction under 28 U.S.C. § 1331. The Complaint also failed to allege the basis for Alexander's claims.[4]

Subject matter jurisdiction was explained to Alexander, and Alexander was given thirty days, until November 28, 2022, in which to file an amended complaint that adequately alleged a basis for the Court's subject matter jurisdiction and that complied with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Procedures for Electronic Filing.[5] Notably, Alexander was advised that: "**Failure to timely respond as ordered may result in a recommendation of dismissal of Plaintiff Byron Q. Alexander's claims in this matter without further notice.**"[6]

On November 23, 2022, Alexander filed a Motion for Extension of thirty days to file his amended complaint, which was granted, giving Alexander until December 29, 2022 to file his amended complaint.[7] Alexander's extended deadline has expired and Alexander has failed to file an amended complaint.

**II.    LAW AND ANALYSIS**

As explained to Alexander in the Court's Order, unlike state district courts, which are courts of general jurisdiction and may therefore hear all types of claims, federal courts may only hear cases over which there is federal subject matter jurisdiction. Federal subject matter jurisdiction may be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."[8] This Court also

---

[4] R. Doc. 3.
[5] R. Doc. 3, pp. 3-4 and R. Doc. 3-1 (form Complaint provided to Alexander). Alternatively, Alexander was given the option to voluntarily dismiss his Complaint by filing a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A). R. Doc. 3, pp. 3-4.
[6] R. Doc. 3, p. 4 (emphasis in original).
[7] R. Docs. 5 and 6 (which shows that electronic notification of the Order was sent to Plaintiff's e-mail address of record, *see* R. Doc. 4).
[8] 28 U.S.C. § 1331.

has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[9] The burden of establishing federal subject matter jurisdiction is on the party asserting it, here, Alexander, and Alexander was warned that his failure to allege a basis for subject matter jurisdiction would result in dismissal of his suit.[10]  A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[11]

The Complaint does not provide sufficient information regarding the basis for this Court's subject matter jurisdiction.  Diversity subject matter jurisdiction was not adequately pleaded nor likely exists as it does not appear that Alexander's claims are likely to meet the jurisdictional threshold and the citizenship of the parties is unclear.[12]  Similarly, federal question jurisdiction was also not adequately pleaded, as Alexander has not alleged a cause of action under federal law.[13] Alexander has been given more than sixty days to file an amended complaint to attempt to establish subject matter jurisdiction but has failed to do so notwithstanding that he was specifically notified that his failure to timely respond as ordered may result in a recommendation of dismissal of his claims in this matter without further notice.

"A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with

---

[9] 28 U.S.C. § 1332.
[10] *Willoughby v. United States ex rel. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) and R. Doc. 3, p. 4.
[11] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).
[12] 28 U.S.C. § 1332 and *see* R. Doc. 3, p. 2.
[13] 28 U.S.C. §1331 and *see* R. Doc. 3, p. 2. The Complaint also fails to state the basis of Alexander's claims.  Alexander has only generally alleged that he had a student loan that was resolved in bankruptcy, but he does not explain what type of loan it was and the who/what/when/why of how it was handled in bankruptcy, including the bankruptcy court and the terms to which Navient allegedly agreed. Alexander also alleges that his credit was negatively impacted and that he was "harassed" via calls and mail, but he does not give sufficient details regarding how his credit was negatively impacted, or any details regarding the calls and mailings. Alexander also does not explain what damages, if any, he suffered based on the conduct alleged.  In light of Alexander's *pro se* status, the Order set forth the elements of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*. Alexander was advised that he would have to state the required elements to sufficiently plead a cause of action under these statutes for purposes of federal question jurisdiction, if such was his intent. R. Doc. 3, n. 8.

3

the party asserting jurisdiction."[14] "A district court can dismiss an action *sua sponte* for lack of federal subject matter jurisdiction…even where the defendant makes no responsive pleadings and does not move to dismiss for want of subject-matter jurisdiction."[15] Even construing Alexander's Complaint liberally,[16] he has not met his burden of establishing that this Court has federal subject matter jurisdiction, despite the opportunity to do so, with specific instructions. Accordingly, this case should be dismissed without prejudice.

### III. RECOMMENDATION

As federal subject matter jurisdiction has not been established,

**IT IS RECOMMENDED** that the Complaint and all claims of Plaintiff Byron Q. Alexander asserted in this matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, January 19, 2023.

_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] *Edwards v. Jackson Hinds Comprehensive Health Center*, No. 17-972, 2018 WL 3653761 (S.D. Miss. June 11, 2018), at *1, quoting *Nixon v. Goldman Sachs Mortg. Corp.*, No. 16-597, 2016 WL 3763425, at **2–3 (N.D. Tex. July 14, 2016) (citing 28 U.S.C. §§ 1331, 1332); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). *See also McKendall v. U.S. Army Corps of Engineers*, No. 15-2631, 2016 WL 3218842, at *1 (E.D. La. June 10, 2016) ("The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction."), citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[15] *Dickens v. TASB Risk Management*, No. 17-00216, 2018 WL 6184804, at *1 (W.D. Tex. Nov. 21, 2018). *See also Craig v. Our Lady of the Lake Regional Medical Center*, No. 15-814, 2017 WL 1113326, at *2 (M.D. La. March 23, 2017) ("The Court may dismiss an action *sua sponte* if it 'determines at any time that it lacks subject-matter jurisdiction.'"), citing Fed. R. Civ. P. 12(h)(3).

[16] *Coleman v. United States,* 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble*, 429 U.S. 97, 106, (1976). Nonetheless, '*pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure.' *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In addition, 'pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.' *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).").